IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SHANE L. BALES,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH N. SMITH, INC.,<br><br>    Defendant. | Case No. LACL122167<br><br><br>PETITION AT LAW<br>&<br>JURY DEMAND |

COMES NOW the Plaintiff, Shane L. Bales, by and through his attorney, the undersigned, and for his Petition at Law against the above-named Defendant respectfully states to the District Court as follows:

## PARTIES & JURISDICTION

1. At all times material hereto, Plaintiff was a resident of the City of Des Moines in Polk County, Iowa.

2. At all times material hereto, Defendant was a for-profit Iowa corporation, operating a business in the City of Des Moines, Polk County, Iowa with its home office located at 714 Southeast Fifteenth Street in the City of Des Moines, in Polk County, Iowa.

3. At all times material hereto, Defendant employed fifteen (15) or more people.

4. The amount in controversy exceeds the jurisdictional amount for a small claims action.

## FEDERAL & STATE ADMINISTRATIVE PROCEDURAL REQUIREMENTS

1. On or about September 31, 2010, within 300 days of the acts of which Plaintiff complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Rights Commission.

2.  On or about April 18, 2011, less than 90 days prior to the filing of this Petition at Law, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges.

3.  On or about May 5, 2011, less than 90 days before the filing of this Petitioner at Law, the Plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

## FACTUAL BACKGROUND

1.  Plaintiff was initially hired by Defendant on or about December 3, 1997, in the position of flooring installer, working out of the home office located 714 Southeast Fifteenth Street, City of Des Moines, Polk County, Iowa. Plaintiff continuously worked for Defendant out of this location, until his involuntary termination by Defendant on or about August 17, 2010.

2.  In the month of January in the year 2010, Plaintiff suffered a work-related injury to his back. Plaintiff properly reported this work-related injury to Defendant so that Plaintiff could pursue his rights under Iowa's workers' compensation statutory regime. This was the third work-related injury to Plaintiff's back during Plaintiff's time working for Defendant.

3.  On or about August 17, 2010, Defendant terminated the employment relationship with Plaintiff against Plaintiff's will.

4.  On or about August 17, 2010, Defendant terminated the employment relationship with Plaintiff for the stated reason of the increase in Defendant's annual workers' compensation insurance premium that would be caused due to Plaintiff's work-related back injuries. Rather than pay an increased amount in its workers' compensation premium, Defendant instead elected to terminate its employment relationship with Plaintiff.

## COUNT I: DISCRIMINATORY PRACTICE
## UNDER THE IOWA CIVIL RIGHTS ACT OF 1965, IOWA CODE § 216.1 ET SEQ.

For a claim against the Defendant, Plaintiff states:

1. At all times material hereto, Plaintiff was an "employee" under the Iowa Civil Rights Act of 1965, Iowa Code § 216.2(6).

2. At all times material hereto, Defendant was an "employer" under the Iowa Civil Rights Act of 1965, Iowa Code § 216.2(7).

3. At all times material hereto, Plaintiff was an individual with "disability" under the Iowa Civil Rights Act of 1965, Iowa Code § 216.2(5).

4. Plaintiff was employed by Defendant in the job of flooring installer from on or about December 3, 1997, until on or about August 17, 2010.

5. On or about August 17, 2010, Defendant terminated the employment relationship with Plaintiff against Plaintiff's wishes.

6. Defendant's action of terminating the employment relationship with Plaintiff against Plaintiff's wishes was unfair employment practice under the Iowa Civil Rights Act of 1965, Iowa Code § 216.6.

7. As a result of Defendant's termination of the employment relationship with Plaintiff, Plaintiff has sustained and continues to sustain damages in excess of the jurisdictional limit for a small claim.

8. Defendant's actions were done with malice, entitling Plaintiff to punitive damages.

## COUNT II: DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, THE ADA AMENDMENTS ACT OF 2008, 42 U.S.C. § 12101 ET SEQ.

For a claim against the Defendant, Plaintiff states:

1. At all times material hereto, Plaintiff was an "employee" under the federal Americans with Disabilities Act, the ADA Amendments Act of 2008, 42 U.S.C. § 12111(4).

2. At all times material hereto, Defendant was an "employer" under the federal Americans with Disabilities Act, the ADA Amendments Act of 2008, 42 U.S.C. § 12111(5).

3. At all times material hereto, Plaintiff was a "qualified individual" under the federal Americans with Disabilities Act, the ADA Amendments Act of 2008, 42 U.S.C. § 12111(8).

4. At all times material hereto, Plaintiff was an individual with "disability" under the federal Americans with Disabilities Act, the ADA Amendments Act of 2008, 42 U.S.C. § 12102.

5. Plaintiff was employed by Defendant in the job of flooring installer from on or about December 3, 1997, until on or about August 17, 2010.

6. On or about August 17, 2010, Defendant terminated the employment relationship with Plaintiff against Plaintiff's wishes.

7. Defendant's decision to terminate the employment relationship with Plaintiff was an act of discrimination under the federal Americans with Disabilities Act, the ADA Amendments Act of 2008, 42 U.S.C. § 12112.

8. As a result of Defendant's termination of the employment relationship with Plaintiff, Plaintiff has sustained and continues to sustain damages in excess of the jurisdictional limit for a small claim.

9. Defendant's actions were done with malice, entitling Plaintiff to punitive damages.

## COUNT III: STATE COMMON-LAW CLAIM OF WRONGFUL TERMINATION IN VIOLATION OF A RECOGNIZED IOWA PUBLIC POLICY

For a claim against the Defendant, Plaintiff states:

1. Plaintiff was employed by Defendant in the job of flooring installer from on or about December 3, 1997, until on or about August 17, 2010.

2. In the month of January of the year 2010, Plaintiff reported a work-related injury to Plaintiff's back to Defendant, so that Plaintiff could pursue his rights under the Iowa workers' compensation statutory scheme. This was the third work-related back injury Plaintiff had suffered during his time in the employ of Defendant.

3. It is a well-recognized and clearly-established public policy of the State of Iowa that employees are allowed to pursue their workers' compensation rights under Iowa law.

4. On or about August 17, 2010, Defendant terminated the employment relationship with Plaintiff against Plaintiff's wishes.

5. Defendant stated that the reason Defendant termination the employment relationship with Plaintiff against Plaintiff's wishes was that Defendant was unwilling to pay the increased workers' compensation insurance premiums allegedly caused by Plaintiff pursuing his workers' compensation rights under Iowa law.

6. As a result of Defendant's termination of the employment relationship with Plaintiff, Plaintiff has sustained and continues to sustain damages in excess of the jurisdictional limit for a small claim.

7. Defendant's actions were done with malice, entitling Plaintiff to punitive damages.

### JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants for damages; both actual and punitive, as well as reinstatement, back pay, front pay, interest, attorney fees, costs, and any other appropriate relief as the Court may find just and equitable.

Respectfully submitted,

HEDBERG & BOULTON, P.C.

*/s/ Ben Humphrey*

BENJAMIN G. HUMPHREY (AT0009977)
100 Court Avenue, Suite 425
Des Moines, Iowa 50309
Telephone:   (515) 288-4148
Facsimile:   (515) 288-4149
Email:        bhumphrey@hedberglaw.com

ATTORNEY FOR THE PLAINTIFF